United States Bankruptcy Court

Eastern District of Pennsylvania

In re:                                                                                     Case No. 24-10503-djb

Brian Wharton                                                                    Chapter 13

        Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2                                  User: admin                                                  Page 1 of 1

Date Rcvd: Feb 20, 2026                          Form ID: pdf900                                         Total Noticed: 1

The following symbols are used throughout this certificate:

**Symbol          Definition**

+                    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS
                     regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 22, 2026:**

**Recip ID                  Recipient Name and Address**
db                    +   Brian Wharton, 1111 Meadowbrook Lane, Darby, PA 19023-1013

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 22, 2026                          Signature:              /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 20, 2026 at the address(es) listed below:**

**Name                                Email Address**

ANTHONY A. FRIGO
                                            on behalf of Debtor Brian Wharton anthonyfrigo@msn.com  frigoar70666@notify.bestcase.com

DENISE ELIZABETH CARLON
                                            on behalf of Creditor PENNYMAC LOAN SERVICES  LLC bkgroup@kmllawgroup.com

KENNETH E. WEST
                                            ecfemails@ph13trustee.com  philaecf@gmail.com

MATTHEW K. FISSEL
                                            on behalf of Creditor PENNYMAC LOAN SERVICES  LLC bkgroup@kmllawgroup.com, matthew.fissel@brockandscott.com

United States Trustee
                                            USTPRegion03.PH.ECF@usdoj.gov

TOTAL: 5

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Brian Wharton<br><div align="center">Debtor</div> | CHAPTER 13 |
| PENNYMAC LOAN SERVICES, LLC<br><div align="center">Moving Party</div><br>vs. | NO. 24-10503 DJB |
| Brian Wharton<br><div align="center">Debtor</div> | |
| Kenneth E. West<br><div align="center">Trustee</div> | 11 U.S.C. Section 362 |

<u>**STIPULATION**</u>

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.      As of January 13, 2026, the post-petition arrearage on the mortgage held by Movant on Debtor's residence is **$7,465.02**. Post-petition funds received after January 13, 2026, will be applied per the terms of this stipulation as outlined herein. The arrearage is itemized as follows:

Post-Petition Payments:          August 2025 through January 2026 at $1,244.17 each
**Total Post-Petition Arrears:      $7,465.02**

2.      The Debtor shall cure said arrearages in the following manner:

a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$7,465.02**.

b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$7,465.02** along with the pre-petition arrears.

c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3.      Beginning with the payment due **February 2026** and continuing thereafter, Debtor shall pay to Movant the present regular monthly payment of **$1,244.17** (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4.      Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5.      In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court may enter an Order granting Movant relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(4).

6.      If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court may enter an order granting Movant relief from the automatic stay.

7.      If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8.      The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9.      The parties agree that a facsimile signature shall be considered an original signature.

10.     The prior Stipulation approved by the Court on April 17, 2025, is still in full force and effect.

Date:    January 14, 2026                     /s/ Matthew Fissel_____
                                              Matthew Fissel, Esq.
                                              Attorney for Movant

Date:___February 10, 2026_____               /s/ Anthony A. Frigo_____
                                              Anthony A. Frigo, Esq.
                                              Attorney for Debtor
                                              No Objection - Without Prejudice to Any
                                              Trustee Rights or Remedies

Date:___February 17, 2026_____               /s/ LeeAne O. Huggins_____
                                              Kenneth E. West
                                              Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2026.  However, the Court
retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Derek J. Baker

**Date: February 20, 2026**